UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61620-CIV-DIMITROULEAS/Snow

GEICO GENERAL INSURANCE COMPANY,

        Plaintiff,

vs.

NOREEN HAMPEL,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on defendant **Noreen Hampel's** Motion for Attorneys' Fees (DE 13), which was referred to United States Magistrate Judge, Lurana S. Snow, for report and recommendation. The plaintiff has responded to the Motion, and the defendant has filed a reply memorandum. The motion is ripe for consideration.

### I. PROCEDURAL HISTORY

On July 22, 2011, the plaintiff filed the instant complaint seeking a declaratory judgment addressing the amount of the uninsured motorist coverage in an automobile insurance policy issued by the plaintiff to the defendant. On September 27, 2011, the defendant filed her Motion to Dismiss Plaintiff's Complaint Based on Improper Forum-Shopping and Because of the Abstention Doctrine (DE 7). In that motion, the defendant argued that the plaintiff's complaint constituted an improper attempt to invoke federal jurisdiction over a matter not removable and because the issue raised in the federal complaint already was being litigated in state court. The plaintiff also argued that this Court should abstain from exercising jurisdiction over a declaratory action when there is a pending state case involving the same parties and issues, not governed by federal law. The motion did not request or otherwise mention attorneys' fees or sanctions of any kind.

On November 1, 2011, this Court entered an Order Granting Defendant's Motion to Dismiss (DE 12). In that Order, the Court stated that there were two asserted grounds for dismissal: improper forum shopping and abstention. Other than identifying the first asserted ground for dismissal, no further mention was made of the defendant's claim of forum shopping. Instead, the Court weighed each of the factors to be considered in deciding whether abstention was proper, and concluded that abstention was appropriate in this case. The federal complaint was dismissed without prejudice.

In the instant Motion for Attorneys' Fees, the defendant contends that the federal declaratory judgment action "was filed in bad faith for the improper purposes of creating a vehicle to delay Hampel's state court action and needlessly increase the costs to Hampel . . ." (DE 13 at 4) The defendant seeks relief under Fed.R.Civ.P. 11 because the plaintiff filed the action to forum-shop the coverage issue, harass the defendant and needlessly increase the cost of litigation. The defendant also contends that an award of fees is an appropriate exercise of this Court's inherent power to sanction bad faith conduct.

## II. DISCUSSION

**A. Rule 11 Sanctions**

Fed.R.Civ. P. 11 governs the signing of pleadings, motions and other papers in federal court. Subsection (b) of the Rule states, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. . . .

Failure to comply with this subsection is governed by subsection (c)(1) of the Rule, which provides:

> **1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

2

> impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

A motion for Rule 11 sanctions must be filed in accordance with subsection (c)(2), specifying:

> **(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). **The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.** If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. (emphasis added)

Pursuant to Fed.R.Civ.P. 11(c)(4), one of the available sanctions is, "if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

The plaintiff contends that the defendant is not entitled to Rule 11 sanctions because she did not comply with the provisions of subsection (c)(2). The defendant did not file the instant motion for Rule 11 sanctions, directed at the complaint, until after the complaint was dismissed and never served it on the plaintiff prior to filing. As a result, the plaintiff did not have the opportunity, mandated by the Rule, to withdraw the complaint. Failure to give the opposing party the 21-day "safe harbor" provision forecloses relief under Rule 11. Marcot v. Prem, Inc., 208 Fed. Appx. 781, 786 (11th Cir. 2006); In re Pratt, 524 F.3d 580, 586-88 (5th Cir. 2008). Courts consistently have held that "strict compliance with Rule 11 is mandatory." Pratt, 524 F.3d at 588.

In response, the defendant argues that the safe harbor provision of Rule 11 is inapplicable because the instant Motion was not filed until after the case was dismissed, and there was no offending pleading or paper for the plaintiff to withdraw. (DE 16 at 5-6) This argument only serves to prove the plaintiff's point. The defendant should have served its motion for sanctions,

3

which clearly was directed against the plaintiff's complaint, prior to the dismissal of this action. This would have put the plaintiff on notice of the defendant's claim that the complaint was filed in bad faith and given the defendant an opportunity to withdraw it, as permitted by Rule 11. The defendant contends that her Motion to Dismiss put the plaintiff on notice of the bad faith claim, and the plaintiff should have voluntarily dismissed the complaint following receipt of the Motion to Dismiss. (DE 13 at 2) But as the plaintiff points out, the Motion to Dismiss contained no request for an award of sanctions or attorney's fees.

Rule 11 requires that the motion itself be served on the plaintiff, and failure to comply with that requirement is fatal. As stated in Roth v. Green, 466 F.3d 1179 (10th Cir. 2008):

> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect [ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions."

Roth, 466 F.3d at 1192, (alterations in original), quoting 5A Charles Allen Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722-23 (3d ed. 2004).

In the case *sub judice*, the defendant failed to comply with the provisions of Rule 11(c)(2), and sanctions under Rule 11 cannot be awarded. However, even if the defendant had complied with the Rule, she has failed to make a sufficient showing that the instant complaint was filed in bad faith. As noted earlier, the Court dismissed the complaint without prejudice based on the abstention doctrine, and did not even discuss the defendant's argument of improper forum shopping. The Court's discretionary decision to abstain from the exercise of federal jurisdiction does not even suggest a finding of bad faith. Thus, there is no merit in the defendant's claim that sanctions under Rule 11 are warranted.

B. **Inherent Power of the Court**

The defendant also asserts that the Court should exercise its power to sanction bad faith conduct. The plaintiff responds that this request is untimely because a motion for sanctions pursuant to the Court's inherent power must be filed before entry of the court's final order on the allegedly sanctionable conduct, citing Peer v. Lewis, 606 F.3d 1306, 1315 n. 10 (11th Cir. 2010). The plaintiff also cites Roy v. Board of County Commissioners, 2011 WL 4904410, *10 (N.D. Fla. Sept. 27, 2011), where the court relied on Peer to deny a motion for sanctions pursuant to the court's inherent power that was filed after the entry of final judgment. The defendant does not address this argument, dealing only with the applicability of the safe harbor position of Rule 11. (DE 16 at 5-6)

The undersigned finds that the defendant's request for sanctions under the inherent power of the Court was untimely and should not be considered on its merits. Additionally, as discussed above, even if the motion were deemed timely, the defendant has failed to make a sufficient showing of bad faith. Therefore, the motion should be denied on the merits.

C. **Attorney's Fees in Connection With the Instant Motion**

The plaintiff seeks its own attorney's fees for defense of the instant motion pursuant to Fed.R.Civ.P. Rule 11(c)(2), which provides that the court may award such fees, if warranted. Considering all the facts and circumstances surrounding the filing of the instant motion, the undersigned does not believe that a discretionary award of fees to the plaintiff for defense of the motion is warranted.

### III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that Defendant **Noreen Hampel's** Motion for Attorneys' Fees (DE 13) be DENIED, and that the Court decline to award attorney's fees to the plaintiff for the defense of the motion.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William

P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein.  <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1998), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

        DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of January, 2012.

                                              /s/ Lurana S. Snow
                                              LURANA S. SNOW
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record